NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0218n.06

No. 10-4070

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

SEATA STEPHENS, Wife and Administratrix of
the Estate of Deceased, Jeffery L. Stephens,

      Plaintiff-Appellee,

v.

CITY OF AKRON,

      Defendant,

and

MICHAEL MILES; JOSEPH SIDOTI,

      Defendants-Appellants.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

**FILED**
Apr 08, 2011
LEONARD GREEN, Clerk

Before:     MARTIN, SUHRHEINRICH, and KETHLEDGE, Circuit Judges.

     BOYCE F. MARTIN, JR., Circuit Judge.  Police Officers Michael Miles and Joseph Sidoti appeal the district court's denial of their motion for summary judgment on the basis of qualified immunity for events arising out of a tragic incident where they shot and killed Jeffery Stephens, Sr. Despite our repeated admonishment that a denial of a motion for qualified immunity may only be appealed if it is based on a pure issue of law, the Officers challenge the district court's conclusion that material questions of fact exist that preclude resolving this matter on summary judgment. Because the Officers' claims present the precise factual dispute we lack jurisdiction to resolve, we **DISMISS** the appeal.

**I.**

Jeffery Stephens, Sr. and his wife, Seata Stephens, hosted a Fourth of July party at their home. In the early morning hours of July 5, 2008, a fight broke out between Jeffery Stephens, Jr. and Reggie Valentine, a social friend who had been at the party. Valentine eventually wound up pointing his gun at Jeffery, Jr. Fearful of what might happen, Seata retrieved her gun and tried to use the threat of force to make Valentine leave. Valentine fired a few shots in the air. Seata responded by firing a few shots in the ground, and retreated inside where she called 911.

Valentine left the Stephens' home, but Jeffery, Sr. and Jeffery, Jr. took Seata's gun, and set out to try and talk to Valentine about what happened. Officers Miles and Sidoti responded to Seata's 911 call, and approached Jeffery, Sr. and Jeffery, Jr. in their police cruiser. Upon seeing the police approaching, Jeffery, Jr. told Jeffery, Sr. to drop the gun. Jeffery, Jr. testified that Jeffery, Sr. dropped the gun in the grass next to the sidewalk.

Events transpired very quickly after the Officers arrived. Jeffery, Jr. complied with the Officers' directions to get on the ground. Jeffery, Sr. did not initially get on the ground when Jeffery, Jr. did. Officer Sidoti testified at his police interview on July 8 that he saw Jeffery, Sr. reaching for his gun and shot him before he could put his hand on the weapon. Officer Miles testified at his July 8 police interview that he fired because he saw a gun in Jeffery, Sr.'s hand. In his deposition on October 15, 2009, Officer Miles testified that he did not fire until he saw that Jeffery, Sr. had a gun in his hand and pointed at him. After Jeffery, Sr. fell to the ground, Officer Miles stated that he kicked the gun away so it was out of Jeffery, Sr.'s reach. Jeffery, Sr. died from the gun shot wounds.

Although Jeffery, Jr. was facing away from Jeffery, Sr. at the time of the shooting, the commotion awakened Edna Jennings, one of the Stephens' neighbors. Jennings testified that Jeffery, Sr. was complying with the Officers' direction to get on the ground when the Officers shot him.

Faced with this conflicting testimony, the district court found that there were disputed issues of fact precluding summary judgment. The district court held that there is a disputed issue of material fact as to whether Jeffery, Sr. was armed at the time of the shooting in light of Jeffery, Jr.'s testimony that he had dropped the gun into the grass when they saw the patrol car approaching. Additionally, based on Jennings's testimony, the district court determined that there was a disputed question of material fact as to whether Jeffery, Sr. was attempting to comply with Officer Sidoti's commands to get on the ground when both officers shot him.

## II.

We review a district court's denial of summary judgment on the grounds of qualified immunity de novo. *Bishop v. Hackel*, – F.3d —, 2011 WL 291951, at *5 (6th Cir. Feb. 1, 2011). "A denial of a claim of qualified immunity is immediately appealable only if the appeal is premised not on a factual dispute, but rather on neat abstract issues of law." *Id.* at *4 (quoting *Johnson v. Jones*, 515 U.S. 304, 317 (1995)) (internal quotations omitted). We only have jurisdiction to consider an appeal from a denial of qualified immunity if the defendant does not dispute the facts alleged by the plaintiff. *See, e.g.*, *id.*; *Everson v. Leis*, 556 F.3d 484, 496-97 (6th Cir. 2009). "Alternatively, [i]f, instead, the defendant disputes the plaintiff's version of the story, the defendant must nonetheless be willing to concede the most favorable view of the facts to the plaintiff for

purposes of the appeal." *Bishop*, 2011 WL 291951, at *4 (quoting *Berryman v. Rieger*, 150 F.3d

561, 563 (6th Cir. 1998) (internal quotation marks omitted) (alteration in original).

The Officers' briefs acknowledge these requirements, but nonetheless argue that the district

court drew impermissible inferences and incorrectly determined that there were disputed issues of

fact that could not be resolved on a motion for summary judgment. We disagree. While Jeffery, Sr.

is unavailable to recount what happened, Jeffery, Jr. and Jennings present a very different picture of

what took place, suggesting that it was unreasonable for the Officers to open fire. The Officers

maintain that the district court drew impermissible inferences and relied on speculation to conclude

that there were material questions of fact, but the district court's conclusions find ample concrete and

non-speculative support in the deposition testimony of Jeffery, Jr. and Jennings. As such, the district

court's thorough and thoughtful opinion appears to have correctly determined that the details of what

took place are in dispute and must be resolved by a trier of fact.

Instead of acknowledging the factual dispute and conceding the plaintiff's version of the

events, the Officers take the impermissible approach of arguing that the facts should be viewed in

a light most favorable to them. Even if a defendant appealing the denial of qualified immunity

disputes the district court's factual conclusions, he or she "must be prepared to overlook any factual

dispute and to concede an interpretation of the facts in the light most favorable to the plaintiff's

case." *Everson*, 556 F.3d at 496 (quoting *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir. 1998)

(internal quotation marks omitted). The Officers do not adhere to this jurisdictional requirement and

argue, based on their testimony, that the "undisputed" evidence establishes that Jeffery, Sr. was

armed. However, this overlooks Jeffery, Jr.'s testimony that his father had dropped the gun before

the Officers got out of their car. Similarly, the Officers overlook Jennings's testimony that Jeffery, Sr. was complying with their directions to get on the ground, and argue that he was actually reaching for his gun. By arguing that this Court should disregard the evidence supporting the plaintiff's claim, the Officers fail to concede an interpretation of facts most favorable to the plaintiff. This approach is wholly inconsistent with our limited jurisdiction to hear interlocutory appeals from denials of qualified immunity on issues of law.

### III.

The Officers' appeal does not present an issue of law but instead challenges the district court's conclusion that there are disputed issues of fact surrounding the shooting of Jeffery, Sr. We are therefore precluded from taking jurisdiction over this issue and **DISMISS** the appeal.